Per curiam.

This action, instituted against the husband and wife, is novel to us, as well as the question itself. If the plaintiff wished to secure himself, as to the lands holding out 66 acres, he should have had an express covenant for,, that purpose. It was his own folly not to have had the quantity *323 of land contained within the metes and bounds described, calculated. Here is a sale of lands by courses and distances, which are truly descriptive of the premises. If there had been a surplus of 20 or 30 acres, the seller must have been satisfied with the sum he had received, and could obtain no further compensation therefor; and it would be unreasonable there should be a recovery against him, where it turns out to be short in quantity.
Approved and followed in 1 S. & R., 169.
Cited in 77 Pa., 195, in support of tbe proposition that where a contract is executed by deed and bond, or other security taken for the unpaid purchase money, the rule is not to open a contract so far executed to allow for a deficiency of quantity, nor can there be a recovery for an excess.
Cases of this kind must frequently have happened before, and yet we never heard of a suit being brought under such *3241 circum*stances. There appears to us to be neither J an nor implied covenant on which the plaintiff can maintain his action.
Verdict for the defendants.
Mr. Heatly afterwards moved for a rule to shew cause why a new trial should not be granted, but his motion was denied, the case appearing to be too plain to admit of further discussion.